**UNITED STATES of America, EX REL., Lee RAKOW; Lee Rakow, Plaintiffs—Appellants,**

v.

**PRO BUILDERS CORP., a Montana corporation, Defendant— Appellee.**

No. 00–35523.

D.C. No. CV–96–00130–RWA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 19, 2002.

Before BRUNETTI, TROTT and McKEOWN, Circuit Judges.

MEMORANDUM*

Relator Lee Rakow ("Rakow") alleged that Pro Builders Corporation ("Pro Builders") violated the False Claims Act ("FCA") by falsely certifying compliance with its building contract and federal labor law in order to receive payment from the federal government. The district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

granted summary judgment in favor of Pro Builders because (1) Pro Builders's certification of compliance was not a prerequisite to payment; and (2) Rakow adduced no evidence that Pro Builders knowingly submitted false certifications. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision on the latter ground.

The FCA imposes liability only on those who "knowingly" present a false claim to the government. 31 U.S.C. § 3729(a)(1). For purposes of the FCA, "knowingly" means: (1) actual knowledge of the information; (2) deliberate ignorance of the truth or falsity of the information; or (3) reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b). This broad definition of "knowingly" requires "simple inquiries which would alert" a prudent individual "that false claims are being submitted." *See* Sen. Rep. No. 99–345 *reprinted in* 1986 U.S.C.C.A.N. 5266, 5286. Gross negligence and innocent mistakes, however, are insufficient to establish liability under the FCA. *United States ex rel. Hochman v. Nackman,* 145 F.3d 1069, 1073 (9th Cir.1998).

Here, Rakow produced no evidence that Pro Builders knowingly submitted false statements to the federal government. Instead, the evidence conclusively demonstrated merely an isolated underpayment of wages resulting from a miscommunication between Pro Builders and Personnel Leasing. The underpayment affected only those laborers referred and paid by Personnel Leasing, whose wages constituted only 1.1% of the project's total costs. All of Pro Builders's other subcontractors paid their employees the prevailing wage and submitted accurate certified payrolls.

Moreover, neither Rakow, Personnel Leasing, nor Pro Builders knew of a prevailing wage problem at the Gallatin Airport project until the Montana Labor Management Alliance investigator advised Rakow of it in March 1996. Once Pro Builders learned of the oversight, it promptly (by June) paid Rakow back wages for 465 hours of work, and began paying him and the other laborers the prevailing wage. These facts evince an innocent mistake, and Rakow points to nothing additional which indicates Pro Builders knowingly submitted false certifications.

Relying on *United States ex rel. Plumbers & Steamfitters Local Union No. 38 v. C.W. Roen Construction Co.,* Rakow contends that Pro Builders had an affirmative duty to inquire whether each worker was paid the prevailing wage. 183 F.3d 1088, 1095–95 (9th Cir.1999) (holding that when faced with uncertainty as to the prevailing wage, an employer's blind certification of compliance without investigation may suffice as a reckless disregard of the truth). Unlike the contractor in *Roen,* however, Pro Builders faced no uncertainty about the prevailing wage. In fact, it is undisputed that Pro Builders properly paid all its regular subcontractors, which, in turn, submitted truthful certifications for 98.9% of their costs. When it discovered the isolated underpayment by Personnel Leasing, Pro Builders swiftly investigated and remedied the problem. Pro Builders thereby met its duty to investigate the veracity of its certifications.

Rakow presented no evidence tending to show that his underpayment resulted from purposeful misconduct, deliberate indifference, or reckless disregard of the truth. Rather, the evidence conclusively established that any temporary underpayment and resulting false certification was an innocent mistake, which is not actionable under the FCA. The district court, therefore, appropriately granted summary judg-

ment in favor of Pro Builders on this ground.

AFFIRMED.

McKEOWN, Circuit Judge, concurring.

I concur in the ultimate result dismissing Rakow's case but would base dismissal on lack of jurisdiction because Rakow was not the "original source." *See* 31 U.S.C. § 3730(e)(4)(B).